Good morning, Your Honors. My name is Sharon Rancourt, and I represent the appellant in this case. May it please the Court, I'm respectfully asking for three minutes at this time for rebuttal. All right, thank you, Counsel. Please watch your time. Your Honors, the issue on this appeal is straightforward. We're asking that this Court vacate and remand back to the District Court Judge because the Court abused its discretion by failing to explain its reasons for rejecting Mr. Santos' non-frivolous arguments. Simply put, we can't tell what, if any, legal standard that the Court applied. The Court's tertiary reference to the government's lack of support, and I believe it's just one line in a minute order, this doesn't suffice as an explanation. And if it's interpreted as a blanket rule, a blanket rule denying the motion simply because the government objected, then that's the wrong legal standard. I guess one question is, if you felt it was uncertain what the District Court had ruled, couldn't you have gone back to the District Court and filed a motion or asked for clarification? That is an option to go back. We didn't do that. We're also permitted to take a direct appeal, and that's what we chose to do in this particular case. But yes, it is correct that we could have gone back and asked for clarification, but we're not required to do so, and therefore we did not. We chose to take it. Counsel, was the judge who denied the motion the same judge who presided over the case? Yes, it is. Now, I was not the same attorney who worked on the case, and our office, from what I can tell, was not the office that worked on the case. But I went back and I did read the pre-sentence report, and I went back and read the transcripts that were available for the sentencing, and it was, in fact, the same judge. Yes, our cases sometimes say if you can look at the record, if it's the same judge, you can discern the reasoning of the judge. Is that possible in this case? If we look back over the entire proceedings and get a sense of how the judge viewed this case and the seriousness of the offense, why can't we then say that based on what the judge has said previously in the record on this case that we can discern the thinking of the judge in this case? It's correct that there is a reference that the court can go back and look at the entire record of the case, and that's brought up in the Emmett case when it talks about the record and whether or not the court can go back and look at the record. In this case, no, we can't discern. We can't discern because not only are we looking at the record from the sentencing some ten-odd years ago, but now we have a record that encompasses updated characteristics, updated circumstances of the individual. I believe even an updated judiciary policy because monograph 109— Why wouldn't we read the district court's order as saying, I basically agree with the reasons that the government has stated? It could have been drafted in that way, but why wouldn't we read it that way? First of all, that's not exactly what it says. It says the government's response does not support defendant's motion for early termination of supervised release is denied. It's possible that the court denied it simply because the government didn't support it, and if the court did that, that's an inappropriate application of a blanket rule that this court— Or it could just be describing what the government's position was and by inference agreeing with it. But which part of the government's position? The government's position that said, oh, 33 months is just a blip in supervised release given the history of substance abuse? Or the government's position that said, Mr. Santos doesn't deserve to have early termination because of what his conduct was at the time? Does it matter which one convinced the judge? Does that matter? It does matter. It does matter, Your Honor, because when we're looking at the supervised release statute under 3583, it tells you to look at the applicable 3553A factors, and one of those factors that's excluded specifically is punishment. And when the government says something in its briefing that Mr. Santos doesn't deserve because of what he did in the past, that's akin to saying we need to keep punishing him. We need to punish him by leaving him on supervised release because we don't like the fact that he challenged the safety valve application or we don't like the fact that he asked for an evidentiary hearing sentencing. And going back to the sentencing, even though Mr. Santos did those things, the court didn't give him an obstruction of justice. The court permitted Mr. Santos to stay out, stay out on pretrial release conditions, pending trial, to stay out after sentencing and even to turn himself in afterwards. So notwithstanding Mr. Santos exercising what I'm presuming were his rights at sentencing, the court didn't make a specific finding that he was in danger because of any of those things. No, the court gave him some breaks. But when the government says that he hasn't accepted responsibility, he hasn't been truthful, he has a long record of substance abuse and it seems fairly obvious what the government, what the nature of the government's opposition was and this judge was familiar with the record. I don't see how we can infer that there was an improper reason or that those weren't the reasons or that those are not good reasons. Well, I think it would go back to the Emmett case and Emmett spells out that Emmett requires a duty to explain the decision. That didn't happen here. We could guess, but we don't know which part of any— No, we don't, but our cases also say we can look at the record and if we can discern from the record the reason that the district court made the ruling. And, you know, as Judge Schroeder pointed out, this judge was not a judge who had it in for this defendant. And she carefully weighed everything and so it's hard to believe that she didn't continue to do that. But what I wanted to ask you is realistically, do you think if we sent this back the outcome would change? It did in Ponce, which is very interesting because in Ponce it got sent back. In this case, with this judge, with these facts, with this defendant, do you think the outcome would change? I believe it could. I believe it could. I believe it could had there been a hearing, had she been able to see Mr. Santos. I believe it— Well, there's no requirement for a hearing, so it's not realistic to say that if we sent it back there would be a hearing. Well, I believe that if we did go back and the court were instructed or they were suggested to the court that the court needed to follow the guidance in Emmett, which was, again, kind of elaborated on a bit in Concepcion, which talked about indicating that the court reasoned through the arguments because that's also lacking in this case. There's no indication that the court reasoned through the particular arguments of counsel, especially of defense counsel in this case or of the probation officer in this case. And I believe this court may very well do that. I believe if it goes back to the court and there's given a chance to reflect— and if we look at this case, the timing of it was a little bit interesting because the government's opposition came in on a Friday. I believe February 4th was a Friday. And by Monday morning—I don't know if it was Monday morning, but by Monday the minute order came out denying it. And maybe there was a whole good deal of reflection that happened prior to that decision coming out, but the timing was quite quick in this particular case. Or maybe the court was so familiar with the case and the circumstances that it didn't take a long time. Oftentimes when you've been the judge on a case for a substantial period of time, you already know the background facts. It doesn't take a lot of rumination to get to the bottom line. I think that when we look at what's on the record again, I draw this court to looking at the up-to-date circumstances, which is pertinent to the history and characteristics at the time that we're making the motion. We look at that when we do compassionate release motions, and we can look at that when we're doing a motion for early termination. The court didn't do that here. We don't know. I mean, are you saying that the court didn't read the papers? I can't tell from the decision how much reflection we got. I do want to accord that to the judge. I do want to respect the judge. And, yes, I do want— I really don't think we wanted to tell the judge that you got the papers on Friday and you decided it on Monday and you should have decided it on Tuesday. I'm not trying to say that. But I am saying that there's nothing in this minute order that indicates that there was a real meaningful reflection and consideration of all arguments. He took into account the positions of all of the parties. It was clear that she had read the paper. But then if one considers the position of the government, the government relied on an improper legal standard because the government did talk about a blanket rule of nothing exceptional. There's the Ponce case, which talked about that. The government did refer to he doesn't deserve it. And we also have the Guides to Judiciary Policy, which encouraged a presumption after 18 months. So we submit that this should get sent back. Have the court do the reflection contemplated by Emmett, and I'll reserve what little bit I have left. All right. Thank you, counsel. We'll hear from the government. May it please the court? I'm Christine Olson for the United States. Good morning. Good morning. I'd like to just jump into the discussion and note here it's very significant that the district court judge here asked for the submissions, specifically requested the submissions from the government and from probation, probation office. And the fact that both the judge asked for it and the fact that the government and probation did submit briefing on this particular issue distinguishes this case from Emmett. And that's a very, very significant difference from Emmett. In the Emmett case, which is also the Ninth Circuit, the court did not receive submissions from probation or from the government. And so in this case, there's much more opportunity for meaningful appellate review because there are those substantive submissions, which the court did not have in Emmett. Counsel, you have to agree that there is not much explanation in the order as to why the court made the ruling that it made. That's correct, Your Honor. The EO simply states that, notes that the submissions from the government and probation office were made and that the government opposed. There's no reason to assume, as the court suggested, that the judge asked for these submissions and then simply did not review them. And as the court noted, the Ninth Circuit has repeatedly, both in Cardee and in Emmett, stated that an adequate explanation in some cases can be inferred from the record as a whole. And this is that case. This is more akin to Cardee, where in Cardee, the court stated that the complexity of the record below is also highly relevant, as well as how experienced the judge is who's involved. And this is a very simple case. As the court pointed out, the district court judge below was a senior judge who had been on the federal bench for decades. This judge has handled countless sentencing hearings, sentencing issues, and has also handled this particular defendant's case for over a decade. She knows this defendant well. She knows how defendants of this sort fare under supervised release programs. The information was filed in this case in 2011. The same judge accepted his guilty plea in 2011. She handled his original sentencing. She reviewed his PSR. She approved the very supervised release conditions at issue here. She handled an evidentiary hearing related to sentencing issues and safety valve. And this same judge herself found, at the end of that evidentiary hearing, that this same defendant had not been fully forthcoming with the government about his involvement in this same drug conspiracy. This same judge also reviewed and denied the defendant's motion to reduce his sentence in 2016. And so this case, the judge here is the expert on these issues. The judge gathered all of the appropriate facts and arguments from all of the different sides, from the defense, from the government, from probation, and there's no reason whatsoever to believe that this experienced judge just did not consider them. And a district court judge does not take marching orders from either the defense or the government. There's no reason to speculate just because there's not a lengthy explanation that the judge simply took the position of the government. That's not what the EO says. Yes, but counsel, the question is whether or not we can adequately review what the district court decided. I think in here, yes, Your Honors, and I think here, again, it's distinguished from Emmett because there are the multiple submissions from all sides. And in Cardi, this court in Cardi stated that there the judge reviewed the papers and the papers discussed the applicability of the 3553A factors. Therefore, we take it that the judge considered the relevant factors. That's a quote from the Ninth Circuit Cardi case where we assume that the judge did apply the correct legal standard and considered the factors. And here, also in Cardi, a significant point is that the court noted the complexity of the case matters. And this is a very simple case. The court knew well that this defendant had not been fully forthcoming with the government, that this defendant had used meth, admittedly, every day for 17 years, and that that contributed to his participation in the drug trafficking here. And so it's a simple case with a very experienced judge who knew the record, knew the defendant. And so I think here we can. This is a case. In Emmett, the court declined. The court specifically said, this court said, that there is no blanket rule that an explanation must come from the bench. The court said, there must be an explanation, but that explanation can be inferred from the record as a whole. And I think in Cardi, when you pair it with Cardi, where Cardi talks about the simplicity of the case, that's what you have here, a very simple case with a judge who is experienced and knows the record. The record is very complete, unlike in Emmett. And this is also a guideline sentencing, a supervised release range. It was five years, and that is the guideline range for this offense. And so I think that that's also relevant. And as the court discussed in Cardi, the fact that it was within the guideline range also mattered to the court in Cardi, and this is within the guideline range here. I'd like to quickly address what the defense said about the government stated there was a requirement that the defendant's case be remarkable. That's not correct. The government did not state that there's a blanket rule or legal standard that the defendant cannot get a reduced or early termination of supervised release unless he has a remarkable case. The government simply said this is not a remarkable case, which is perfectly appropriate, correct. And there's also no reason to guess that the district court judge applied sort of an incorrect standard on that point. I agree with the court's suggestion that here, if it were remanded, there would be no change, likely no change in the outcome, again, because we know the court is very experienced. We can assume the court did apply the correct legal standard, the proper factors. The court had a full record. So I think here we can discern the reasoning of the judge, and this is one of those cases. I think we understand your position. Thank you. Thank you. Anything in closing, counsel? No. Thank you, Your Honor. The government submits that the district court judge's decision should be affirmed. Thank you. All right. Thank you. Rebuttal. Thank you very much. To quote from part of Emmett, the court said, in each case, however, an explanation must be sufficiently detailed to permit meaningful appellate review, and it must state the court's reasons for rejecting non-frivolous arguments. In this particular case, the court did not state any reasons for rejecting the multiple non-frivolous arguments that were raised by the defense, including, for example, the up-to-date characteristics of Mr. Santos, the arguments that were pointed out and echoed in the probation officer's memo, the arguments concerning the guide to judiciary policy, the arguments concerning his compliance over the years and with his drug testing while on supervised release. And that simply didn't happen here, and that's why it violates Emmett. And in regards to the degree of explanation, Emmett is also very important because when Emmett talks about the duty to explain and the meaningful appellate review, it goes further than some of the other circuits do. There is a footnote in Emmett that talks about how other circuits reach conflicting results, and it talks about other circuits that just give one point, one line, one remark, and that's not enough. And Emmett said, no, here we need to go further, and that's the abuse of discretion. To get to whether or not it would make a difference, that doesn't change the fact that there is an abuse of discretion that happened, and that's what we're asking this court to look at. Thank you, counsel. We understand your position. Thank you to both counsel. The case just argued is submitted for decision by the court.
judges: SCHROEDER, RAWLINSON, BRESS